UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NANCY A. STENCIL, et al.,

    Plaintiffs,

v.                                                                               Case No. 22-cv-00305-LA

RONALD H. JOHNSON, et al.,

    Defendants.

## REPLY OF WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC. IN SUPPORT OF MOTION TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS TIFFANY AND FITZGERALD'S MOTION TO DISMISS AND DEFENDANT JOHNSON'S MOTION TO DISMISS

The Plaintiffs oppose *Amicus* Wisconsin Institute for Law & Liberty's motion for leave to file an amicus brief "because it presents new arguments not included in either of the briefs filed by Defendants in support of their motions to dismiss." Dkt. 43:1. This gets the law exactly backwards. The Seventh Circuit has explained that "the criterion for deciding whether to permit the filing of an amicus brief" in this Circuit is "whether the brief will assist the judges by presenting ideas, *arguments*, theories, insights, facts, or data *that are not to be found in the parties' briefs*." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (per Posner, J.) (in chambers) (emphases added). That is, "an *amicus curiae* brief should be additive—it should *strive* to offer something different, new, and important." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (per Scudder, J.) (in chambers) (emphasis added); *see also Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (court would deny permission to file amicus curiae briefs in part because "none of the rejected briefs presents considerations of fact, law, or policy overlooked by the appellants"). This rule is premised

on the obvious fact that "[n]obody benefits from a copycat *amicus* brief." *Prairie Rivers Network*, 976 F.3d at 763; *see also id.* ("[T]oo many *amicus* briefs do not even pretend to offer value and instead merely repeat (literally or through conspicuous paraphrasing) a party's position.").

The Plaintiffs do not even attempt to address the prevailing appellate rule in this Circuit or to explain how a would-be amicus could escape the Catch-22 of consistency with both the case law above requiring new arguments and the Plaintiffs' proposed rule banning them. Instead, the Plaintiffs cite the approach taken by *other* federal circuits. But whether these other forums take more or less stringent approaches to *amicus* practice is irrelevant here. *See, e.g.*, *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130-33 (3d Cir. 2002) (per Alito, J.) (referencing the approach to *amicus* practice taken in the Seventh Circuit and arguing for a different standard in the Third Circuit).

The two Supreme Court cases cited by the Plaintiffs, in turn, stand for an unrelated proposition not applicable to *Amicus*' motion, namely that an amicus will not be permitted to raise new arguments *on appeal* that *were not raised below*. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 685, 721 (2014) ("We do not generally entertain arguments *that were not raised below* and are not advanced in this Court by any party . . . ." (emphasis added)); *F.T.C. v. Phoebe Putney Health System, Inc.*, 568 U.S. 216, 226 n.4 (2013) ("Because this argument was not raised by the parties *or passed on by the lower courts*, we do not consider it." (emphasis added)). But this case is not on appeal and the argument has been raised at the first available opportunity.

Even if it were true that *Amicus* could not raise a new matter before this Court, the Plaintiffs forget that *Amicus* did not raise the First Amendment issue in this case—the Plaintiffs did. In fact, an entire multi-page section of their complaint is entitled "The First Amendment Does Not Protect Speech Integral to Criminal Conduct" and is directed toward explaining why, in the Plaintiffs' view, the Defendants' speech is indeed subject to penalization. Dkt. 1:20-22. The notion that

*Amicus*, in *responding* to this argument, is "inject[ing] . . . new merits-based issues" into this case, Dkt. 43:2, is therefore belied by the Plaintiffs' own pleading. For similar reasons, *Amicus* is not "attempting to appear and engage in motion practice as would a litigant." *Id*. It is supporting *pre-existing* motions to dismiss for failure to state a claim. *See* Dkt. 19, 21. Consistent with those motions, *Amicus* examined the Plaintiffs' complaint under the governing standard, tested the Plaintiffs' own explicit assertion that they can, consistent with the First Amendment, seek to disqualify elected officials from holding office on the basis of the officials' political speech, and explained in its brief why the Plaintiffs are wrong. This is not independent motion practice by a non-party.

Finally, the Plaintiffs falsely insinuate that *Amicus*' proposed (10-page) brief was a means of "circumvent[ing] page limits on the Defendants' briefs." Dkt. 43:2. One would expect such an extraordinary charge to be backed with some kind of evidence. But the Plaintiffs provide none. This sort of rank speculation is no ground for denying leave to file an amicus brief.

In sum, the Plaintiffs' opposition to *Amicus*' motion is both legally and factually misplaced. Given the public importance both of this case and the First Amendment questions *Amicus* discusses, this Court should exercise its discretion and grant *Amicus*' motion.[1]

Dated this 24th day of May, 2022.

                                      Respectfully submitted,

                                      /s/ Anthony F. LoCoco
                                      Richard M. Esenberg, WI Bar No. 1005622
                                      (414) 727-6367; rick@will-law.org
                                      Anthony F. LoCoco, WI Bar No. 1101773
                                      (414) 727-7419; alococo@will-law.org
                                      WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.

---

[1] *Amicus* takes no position on the Plaintiffs' alternate request that the Court grant it leave to respond to *Amicus*' brief.

330 E. Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
(414) 727-9455; FAX: (414) 727-6385
*Attorneys for Amicus Curiae*