UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE DIVISION)

| | |
|---|---|
| NANCY A. STENCIL, DANIEL C. RUSSLER, LISA C. MUELLER, CHERYL L. MARANTO, GERARD D. LISI, JAMES B. KURZ, MARGARET L. DEMUTH, PAUL DEMAIN, JAMES R. BOTSFORD AND RICHARD BECHEN, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD H. JOHNSON, THOMAS P. TIFFANY, AND SCOTT L. FITZGERALD, <br><br> Defendants. | Case No. 2:22-cv-00305 <br><br> Hon. Lynn Adelman |

**DEFENDANTS THOMAS P. TIFFANY AND SCOTT L. FITZGERALD'S RESPONSE IN OPPOSITION TO PLAINTIFFS' CIVIL L.R. (7)(h) MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Pursuant to Civ. L. R. 7(h), Defendants Thomas P. Tiffany and Scott L. Fitzgerald hereby oppose Plaintiffs' Motion for Leave to Conduct Expedited Discovery (ECF No. 48):

Consistent with the legal theories underlying their Complaint, Plaintiffs' motion to disregard the express bar against pre-answer discovery suffers from a litany of fatal defects. Plaintiffs' goal is to get a declaration from this Court finding that Defendants engaged in an "insurrection" under the Disqualification Clause, with which Plaintiffs would then attempt to force the State of Wisconsin (through its election commission) to bar Defendants from the ballot. (Opp.'n at 14, ECF No. 23.) But as explained in the Defendants' motions to dismiss, this Court lacks the authority to adjudicate whether Defendants violated the Disqualification Clause because Congress has not granted it the jurisdiction to do so, the State of Wisconsin lacks the power to adjudicate such a challenge or enforce such a judgment, and, even then, Plaintiffs lack a cause of action to request such an adjudication in the first place. Here, Plaintiffs' motion for a fast-and-loose fishing expedition suffers from similar defects, and should be denied accordingly.

Discovery before the Rule 26 conference is both inappropriate and disfavored by courts. Fed. R. Civ. P. 26(d)(1) (absent court order, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," an event that has **not** occurred here). The question of "good cause" for permitting pre-answer discovery is not whether, as Plaintiffs oversimplify, the need for discovery outweighs prejudice to the Defendants. Rather, the Court "must evaluate the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances," including these five factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Suzhou Parsun Power*

1

*Machine Co., Ltd. v. Western Import Mfg. Dist'n Group Ltd.*, No. 10–C–398, 2010 WL 2925894 at *1 (E.D. Wis. Jul. 20, 2010) (cleaned up).[1] Plaintiffs' failure to address these factors requires denial of their motion, and consideration of each such factor bolsters that result.

The first factor clearly weighs against finding good cause for early discovery. Not only is there no pending injunction, but two fully-briefed motions to dismiss are pending before the Court. Expedited discovery is highly inappropriate in the presence of pending motions to dismiss, *see Dixon v. Ladish Co., Inc*. No. 10–CV–1076, 2011 WL 719018 (E.D. Wis. Feb. 22, 2011), especially when, as here, the motions challenge Plaintiffs' standing, the Court's jurisdiction, and the absence of a legally cognizable claim. Permitting early discovery here not only puts the cart before the horse, but it does so before Plaintiffs have satisfied their burden of showing the Court that they even have a horse in the first place.

The third and fifth factors—the purpose for requesting early discovery, and how far in advance of typical discovery the request was made—further cut against Plaintiffs' request. Plaintiffs claim they need discovery because elections are coming and they want to make a case that Defendants engaged in insurrection against the United States. But the question is not whether discovery might be helpful to Plaintiffs—it is whether the purpose of that otherwise unauthorized discovery would assist the Court with addressing the issues currently before it. Here, Plaintiffs' request for early discovery has nothing to do with the threshold jurisdictional issues raised in the motions to dismiss. *Compare Share Corp. v. Momar, Inc*. No. 10–CV–109, 2010 WL 724321 (E.D. Wis. Feb. 26, 2010) (no compelling purpose for early discovery), *with Malibu Media, LLC v. Doe*, No. 13–CV–545, 2013 WL 2632691 (E.D. Wis. June 12, 2013) (cleaned up) (permitting early discovery to identify unknown defendant as was necessary to move case forward.) Further,

---

[1] Unreported decisions cited herein are attached as an exhibit in accordance with Civil L. R. 7(j)(2).

to the extent Plaintiffs base their request on the upcoming elections, Plaintiffs have a self-dealt hand. Plaintiffs filed this suit more than a year after the events alleged in the Complaint, and then compounded their self-made delay by waiting 75 more days after filing suit to seek early discovery. Plaintiffs' motion should be denied. *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (parties who wait until the last minute "are playing with fire.").

Factors two and four—breadth of the requested early discovery and burden on Defendants—likewise cut against Plaintiffs' motion. While Plaintiffs attempt to build a veneer of reasonableness by proposing to serve "no more than five" document requests, to limit Defendants' depositions to five hours, and to "forego" third-party discovery until later, Plaintiffs have it backwards. It is the *scope* of the requests that matter here, not the quantity, and Plaintiffs failed to show what information those requests would seek. Thus, the Court cannot analyze the breadth of the requests and corresponding burden on Defendants. *See Share Corp.*, 2010 WL 724321 at *3 (rejecting request for expedited discovery that was "open-ended and broad").

Further, limiting Defendants' depositions to five hours apiece and delaying third-party discovery just won't do. Under the *Morgan* Doctrine, a party must show exceptional circumstances before deposing high-ranking government officials such as Members of Congress. *United States v. Morgan*, 313 U.S. 409, 422 (1941). That *Morgan* Doctrine analysis—absent from Plaintiffs' motion—requires a requesting party to satisfy several elements, including that the information sought "is not available through any alternative source or less burdensome means." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D.Wis. 1994), *aff'd*, 60 F.3d 1234 (7th Cir. 1995). Plaintiffs may not skip those steps to redress their own self-caused delay. Just as Plaintiffs have failed to satisfy their burdens to show Article III standing and that this Court has jurisdiction to hear this case, they have also failed to show good cause for early discovery. Plaintiffs' motion should be denied.

3

Case 2:22-cv-00305-LA    Filed 05/31/22    Page 4 of 5    Document 53

Dated: May 31, 2022                                Respectfully submitted,

  /s/ *Robert L. Avers*

Charles R. Spies (MI Bar # P83260)
Dickinson Wright PLLC
1825 Eye Street N.W., Suite 900
Washington, D.C. 20006
(202) 466-5964
(844) 670-6009 (Fax)
cspies@dickinsonwright.com

Robert L. Avers (MI Bar #P75396)
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 623-1672
(844) 670-6009 (Fax)
ravers@dickinsonwright.com

Thomas G. Kreul (WI Bar No. 1003947)
Schober Schober & Mitchell, S.C.
2835 South Moorland Road
New Berlin, WI 53151-3743
(262) 785-1820
tgkreul@schoberlaw.com

*Attorneys for Defendants Scott L. Fitzgerald and Thomas P. Tiffany*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

  /s/ *Robert L. Avers*